103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raoul G. FIMA, Plaintiff-counter-defendant-Appellant,
v.
PAUL REVERE LIFE INSURANCE COMPANY; the Paul Revere
Insurance Group, Defendants-Appellees.
 No. 94-56254.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1996.
Decided Dec. 05, 1996.
 
 Before: BRUNETTI, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raoul J. Fima ("Fima") appeals the district court's admission of misrepresentations made on his 1988 Application for disability insurance in an action against the Paul Revere Life Insurance Company ("Revere"). We review the district court's evidentiary determinations for abuse of discretion and will not reverse absent prejudice. United States v. Crosby, 75 F.3d 1343, 1346 (9th Cir.1996). We affirm.
 
 I.
 
 3
 Raoul G. Fima completed and submitted an application for disability insurance to the Paul Revere Life Insurance Company on January 8, 1988. ("1988 Application"). On the 1988 Application, Fima stated that his income for 1988 was $80,000, for 1987 was $85,000, and for 1986 was $105,000. The jury specifically found that Fima misrepresented his income on the 1988 Application and that his actual income in 1986 was $21,603 and in 1987 was $6,320.
 
 
 4
 On March 3, 1990, Fima submitted another application for disability insurance ("1990 Application") and stated that his 1990 earnings would be $150,000; that his 1989 earned income was $100,000; and that his 1988 income was $80,000.
 
 
 5
 On May 13, 1990, Fima submitted a Notice of Claim to Revere, stating that he became disabled from his regular occupation on March 30, 1990. Fima listed his pre-disability income as $180,000. By his Claim, Fima sought a total of $6,100 in monthly income benefits under both the 1988 and 1990 Policies. Revere then began its investigation of Fima's claim, which revealed that Fima's statements on the 1988 and 1990 Applications concerning his earned income were grossly overstated.
 
 
 6
 Relying on evidence obtained during its investigation and correspondence with Fima, Revere paid Fima a partial monthly income benefit payment under the 1988 Policy because the policy was incontestible at the time Fima filed the Claim but reserved its obligation to pay a monthly income benefit under the 1990 Policy until it resolved the discrepancies in Fima's reported income. Correspondence continued between the parties, during which time Fima submitted revised 1040 forms of questionable veracity.
 
 
 7
 On March 14, 1991, Fima filed a Complaint against Revere in Los Angeles Superior Court alleging breach of contract and breach of the implied covenant of good faith and fair dealing. On April 10, 1991, Revere filed an action against Fima in federal court alleging two claims for declaratory relief. Revere sought rescission of the 1990 Policy and a declaration that the 1988 Policy was void ab initio.[1] The case was removed to federal court and Fima filed a counterclaim for breach of contract and breach of the implied covenant of good faith and fair dealing. At trial, the jury returned a verdict in favor of Revere on Fima's claims for breach of contract and breach of the covenant of good faith and fair dealing. Evidence of Fima's misrepresentations on his 1988 Application was admitted at trial. Fima challenges the jury verdict on the ground that such evidence was irrelevant and that the trial court committed prejudicial error in admitting that evidence. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and affirm the district court's judgment.
 
 II
 
 8
 Fima alleged two claims for relief against Revere based upon breach of contract and breach of the implied covenant of good faith and fair dealing. Under California law, the ultimate test of liability in a claim for breach of the implied covenant of good faith and fair dealing in an insurance policy is whether the actions of the insurance company in investigating and making determinations on the claim submitted were reasonable. Gruenberg v. Aetna Ins. Co., 510 P.2d 1032, 1037-389 (Cal.1973). The covenant of good faith and fair dealing required Paul Revere to fully investigate the possible bases for Fima's Claim and to act reasonably in its handling of that Claim. Egan v. Mutual of Omaha Ins. Co., 620 P.2d 141, 145-46 (Cal.1979), cert. denied, 445 U.S. 912 (1980).
 
 
 9
 Revere's investigation of Fima's Claim led to the discovery of large discrepancies between the income Fima represented in the 1988 and 1990 Applications on the one hand and the income reported in Fima's FICA Report, 1040 filings, and Chapter 7 bankruptcy filings on the other. The discrepancies discovered in the investigation of both the 1988 and 1990 Applications influenced Revere's decision to attempt rescission and stop payments on Fima's Claim under the 1990 Policy.
 
 
 10
 The evidence relating to Fima's misrepresentations was necessary to explain to the jury why Revere sought further documentation from Fima to substantiate the income levels represented in the 1988 and 1990 Applications, to explain the reasonableness of Revere's actions and to explain its ultimate decision to deny benefits under the 1990 Policy. If the district court had denied the admissibility of such evidence, it would have prevented Revere from defending Fima's claims of breach of contract and breach of the implied covenant of good faith and fair dealing. Admission of the evidence at trial was not an abuse of discretion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The declaratory judgment with respect to the 1988 Policy is the subject of a related appeal also before this court. See Paul Revere Life Ins. Co. v. Fima, No. 94-55986